UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

NAKISHA WEST,                           Case No. 24-cv-12829-SJM-PTM

                                                         Hon.

     Plaintiff,

v.

ROHM HAAS CHEMICALS LLC,

     Defendant.

# PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

## JURY DEMAND

Plaintiff, by and through her attorneys, hereby demands a trial by jury on all issues so triable.

## NATURE OF THE CLAIMS

1. This is an action for racial discrimination, gender discrimination, retaliation, and hostile work environment under 42 U.S.C. § 1981 and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101 et seq. Plaintiff seeks compensatory and exemplary damages, equitable relief, attorney fees, lost wages, and other relief due to the unlawful employment practices of Defendant.

1

## PARTIES

2. Plaintiff, Nakisha West, is a Michigan resident who was employed by Defendant from November 18, 2018, until her layoff in April 2023.

3. Defendant, ROHM AND HAAS CHEMICALS LLC, is a Delaware corporation with its principal place of business in Midland, Michigan, conducting business in the Eastern District of Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this judicial district, and Defendant conducts substantial business in this district.

## INTRODUCTION

6. Defendant has a long history of harassing and discriminating against Black people and women, which has permeated for many years and has gone unchecked while its employees have suffered in silence.

7. While will likely deny that it does so, it is clear that the company has a pattern and/or practice of mistreatment of Black men and women, and

women generally of all races, and that Defendant's agents have sought to threaten and intimidate Defendant employees who have tried to come forward, in an attempt to silence them and keep them from coming forward.

## FACTUAL ALLEGATIONS

8. Plaintiff is a Black woman and was employed by Defendant beginning on November 18, 2018.

9. Plaintiff holds a masters degree and had previously worked in production for 8 to 9 years before her role at Defendant.

10. From January to February 2019, Plaintiff applied for various corporate positions within the Supply Chain Scheduling Department, submitting approximately 34 or 35 applications, but was consistently overlooked despite her qualifications.

11. When Plaintiff applied for positions, she faced immediate pushback, and her opinions were not welcomed by management.

12. Plaintiff's supervisor, Jordan Crampton, had only a high school diploma, and Jessie Smith told Plaintiff she was not qualified for the position, which felt like an attempt to belittle her.

13. Plaintiff often heard comments made behind her back, and conversations would abruptly stop when she approached.

14. Plaintiff asked "Chris," Smith's boss, if the reason she was not getting promoted was related to her race, given that she had met all the requirements even as they changed the criteria for promotion.

15. Despite completing all required tasks for promotion, Plaintiff was consistently denied until she eventually secured an interview for the Supply Chain Scheduling Specialist position and was promoted on October 31, 2022, with an official start in late November or early December.

16. During her training in March and April 2023, Plaintiff faced challenges under her supervisor, Brian Bisset, and a trainer named "Brooke," who is a white woman.

17. Plaintiff's requests for assistance were not met, and Brooke and Bisset tried to make it seem as if Plaintiff did not know her job.

18. Plaintiff encountered an incident during her training where chemicals ran out due to Brooke's negligence while she was on vacation, but Brooke continued to push back and claim she was too busy to train Plaintiff.

19. In April 2023, Plaintiff was notified of her layoff along with other employees.

20. Following the layoff notification, Plaintiff was required to work from home and only entered the building once a month.

21. Plaintiff later discovered that she had not been added to the employee group chat, preventing her from participating in team activities.
22. Before her layoff, Plaintiff expressed a desire to return to MIOPS (the operations side) but was denied due to an alleged rule that required six months in her current role.
23. However, a white male employee was allowed to return to MIOPS within a similar timeframe even though Plaintiff was not allowed to return.
24. Plaintiff was present when Sushma Jones, who has sued Defendant, was hired.
25. Plaintiff observed that Jones was initially placed in another building and faced unfair treatment.
26. Plaintiff was also aware that Jones was not properly trained or assisted, and Plaintiff believed the mistreatment was due to both Jones' race and gender.
27. Plaintiff further observed that Defendant did not want Black employees to succeed, as evidenced by the pattern of behavior towards Black employees.
28. Plaintiff noticed that Black employees were often the first to be laid off or disciplined, while white employees received more leniency.
29. Plaintiff was aware of a white male employee named "Joe" who fell asleep on the job multiple times and was given several chances, including attending AA meetings.

30. During a meeting with higher management, Joe fell asleep in front of them, which should have led to automatic termination, but he was only fired much later unrelated to this incident.

31. It was clear to Plaintiff that if a Black employee had done the same thing, the punishment would have been much harsher.

32. Plaintiff was never called back to work at Defendant, which she believes to be both discrimination and retaliation.

33. Plaintiff further requests relief and damages, as set forth herein.

## COUNT I

## RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981

34. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

35. 42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

36. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded her by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

37. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 U.S.C. § 1981.

38. The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff has experienced includes harassment and Defendant's refusal to promote her or treat her like other non-Black employees, and termination, which broke the contract between the parties.

39. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

40. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, including termination.

41. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about her future, physical and emotional distress, and loss.

## COUNT II
## RETALIATION IN VIOLATION OF THE ELCRA

42. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

43. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

44. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

45. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

46. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including speaking up about racial discrimination and harassment.

47. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

48. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the

statement of facts, including failing to promote and eventually terminating her.

49. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

50. Plaintiff notified Defendant and its agents of the unwelcome conduct and communication; however, Defendant failed to remedy the same.

51. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

52. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

53. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## GENDER HARRASMENT/DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

54. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

55. At all material times, Defendant was an employer covered by, and within the meaning of the Elliott-Larsen Civil Rights Act ("ELCRA"), as amended.

56. Defendant's conduct, as alleged herein, violated ELCRA, which makes it unlawful to harass or discriminate against an employee on the basis of gender.

57. A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

58. Plaintiff is a woman and a member of a protected class.

59. Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

60. Male employees who worked for Defendant harassed Plaintiff, and did not treat other male employees in the same manner.

61. The communication and conduct from the employees was unwelcomed.

62. The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

63. Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

64. As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, loss of professional reputation, and was terminated.

## COUNT IV

## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

65. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

66. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

67. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate against an employee on the basis of that employee's race or skin color.

68. Plaintiff is a Black woman, and, as a result, is a member of a protected class pursuant to ELCRA.

69. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class, up to and including termination.

70. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

71. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

72. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

73. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII
## HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF THE ELCRA

74. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

75. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

76. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

77. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

78. Plaintiff's work environment, as alleged in the statement of facts made it so any individual who reported or spoke out against Defendant's discriminatory practices had an unworkable work environment.

79. Moreover, Plaintiff's continual attempts to have the situation remedied, coupled with Defendant ignoring Plaintiff's complaints made the situation untenable.

80. Additionally, Defendant treated female employees such as Plaintiff in a hostile, intimidating, and offensive way.

81. The unwelcomed conduct and communication was intended to, or in fact did, substantially interfere with Plaintiff's employment, and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

82. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

83. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

84. Plaintiff requests relief as described in the Prayer for Relief below

## **RELIEF REQUESTED**

PLAINTIFF, NAKISHA WEST, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and
5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  October 28, 2024               Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Rejanaé M. Thurman (P85701)
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
rejanae@aikenslawfirm.com
*Attorneys for Plaintiff*